## LEWIS, ET AL. V. BR. BANK AT MONTGOMERY.

1. A statute provided that where a sale has been made of a sixteenth section, or a part thereof, which cannot by reason of the insolvency of the purchaser, or other cause, be made productive, a majority of the voters of the township, voting in township meeting, upon due notice given, shall have power, with the assent of the purchaser, to annul or cancel the contract of sale; *Held*, that a plea alleging that a majority of the voters of the township voting in township meeting, upon due notice given, did, with the assent of the purchaser, annul and cancel the contract of sale, because the same could not be made productive, was good, although it did not state the particular reason which induced the voters to assent to a rescission.

WRIT of error to the Circuit Court of Russell.

The defendant in error declared against the plaintiffs, in assumpsit, upon a promissory note, which is described as being dated the fifteenth day of December, 1840, payable twelve months after date, for the payment of two thousand three hundred and twenty-seven dollars and twenty-two cents, for the account of section 16, township 16, range 29, Russell county, negotiable and payable at the Branch of the Bank of the State of Alabama at Montgomery.

The defendants pleaded, that the note declared on, was given in consideration of the purchase of the 16th section, township 16, and range 29; that since the purchase of the same, and since the last continuance of this cause, a majority of the voters of the said township, voting in township meeting, upon due notice given, did, with the assent of the defendant, P. A. Lewis, who was the purchaser thereof, annul and cancel the contract of sale of said section, because the sale of the same could not be made productive.

To this plea, the plaintiff demurred, and the demurrer being sustained, the defendants refused to plead over; thereupon, a judgment was rendered in favor of the plaintiff, for the amount of the note, and interest, together with costs.

HEYDENFELDT, for the plaintiffs in error.
No counsel appeared for the defendant.

COLLIER, C. J.—The legal sufficiency of the plea, depends upon the interpretation of the first section of the act of 1843, "for the relief of the purchasers of sixteenth sections," [Clay's Dig. 529, § 49,] which is as follows: "Whenever a sale has been made of a sixteenth section, or part thereof, and such sale cannot by reason of the insolvency of the purchaser or purchasers, or from other cause, be made productive, a majority of the voters of said township, voting in township meeting, upon due notice given, shall have power, with the assent of the purchaser or purchasers, to annul or cancel the contract of sale for said section, or any lot or parcel thereof, which is not likely to be productive; and shall have power furthermore to re-sell, rent or lease the same, as if no sale had ever been made."

This enactment authorises a majority of the voters of a township to annul a contract (with the assent of the purchaser) for the sale of the sixteenth section, when from any cause it cannot be made productive, and it is not necessary to the validity of their decision, that they should declare the particular reason that influenced them. It is enough, that they have expressed their assent to a rescission in the manner prescribed; the legal inference, at least in the absence of any thing showing the contrary, is, that they acted in subordination to law, and were influenced by the consideration that the sale would be unproductive. This conclusion results from the nature of the thing done, the persons by whom, and the manner of doing it, and is well sustained by the general analogies of the law.

A plea by the purchaser to an action for the purchase money which sets up the cancellation of the contract as provided by the statute, need not allege the specific reason which induced the voters to assent to it. In fact, a plea could not be thus framed, unless the voters expressed the cause which operated upon them, without a special inquiry of each, which they might or might not

63

answer at pleasure.   Besides, they might have been influenced by various reasons, to state all which would require a plea of most inconvenient length.   But apart from these considerations, it may be asked  for whose benefit is it, that the plea should be thus special?   The propriety of the decision of the  voters could not be revised by a jury; the more especially where it has not been drawn in question by the party who seeks to set it aside.— If it were possible to show that they were influenced by improper or insufficient motives, the facts should be specially alleged in a replication; it is not necessary for the plea to state the inference which the law makes in favor of the act done, by an allegation more full than it contains in the present case.

In other respects, the plea is believed to be unobjectionable.— The judgment is consequently reversed, and the cause remanded.