## ALLEN AND WATKINS v. THE STATE BANK.

1. The vote of a majority of *all* the legal voters of a township, is necessary to authorize the rescission of a contract for the sale of 16th section land. The assent of a majority of the voters, is not sufficient.

Error to the Circuit Court of Wilcox.    Before the Hon. Geo. W. Stone.

J. T. JOHNSON, for plaintiff in error.

The court below erred in the charge given, and in refusing to give the charge asked for. Pam. Acts, '45-6, p. 49. This act provides, that "a majority of the voters of the township in which such 16th section lies, voting in township meeting, &c., shall have full power to rescind or cancel the contract of sale," *&c.* If due notice of the township meeting was given, and in pursuance of such notice, *a majority* of the voters of the township attended such meeting, and a majority of those in attendance voted to rescind the contract of sale, it was, according to the provisions of the act, a rescission of the sale. Because a majority of the voters of the township having agreed to go into an election, did thereby consent that the judgment of a majority of their number, should be the judgment of the whole.

C. SELLERS, contra.

DARGAN, J.—This suit is brought on four notes, given for the purchase of sixteenth section lands. The defence was, that the contract of sale had been rescinded, under the authority of the act of the 4th of February, 1846, by a vote of the township, at a township meeting, held for that purpose, with the consent of the purchaser.

The evidence shows, that there were fifty-six or seven qualified voters in the township, but only thirty-five votes were given: of these, eighteen were in favor of a rescission of the contract, and seventeen opposed to it. The defendants requested the court to charge the jury, that if they believed, that a majority of the voters of the township were

present at the election, and a majority of those present voted in favor of a rescission of the contract, the plaintiff could not recover. This request the court refused to give, and instructed the jury, that they must find for the plaintiff, unless they believed, that a majority of all the legal voters of the township, voted in favor of rescinding the contract.

The act prescribes, that in all cases, where a sale has been made of a sixteenth section, or any part thereof, a majority of the voters of the township, in which such sixteenth section lies, voting in township meeting, upon due notice given, shall have full power, with the consent of the purchaser, or purchasers, their heirs, or assigns, or legal representatives, to rescind, or cancel the contract of sale. We think it very clear, that it was the intention of the legislature, that a majority of all the legal voters of the township, should concur in rescinding the contract of sale, before it could be done. The language of the act is, that a majority of the voters of the township, voting in township meeting, shall have power, with the assent of the purchaser, to rescind the contract. This language does not authorize a bare majority, of a majority of the voters, to rescind a contract of sale : but the concurrence of a majority of all the votes is necessary, before the purchaser can claim that the contract is rescinded. See Sims v. Br. Bank, 6 Ala. 496.

Let the judgment be affirmed.